UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| EUGENIA ARCE ALANDIA, | 2:09-CV-687 JCM (PAL) |
| --- | --- |
| Plaintiff, | |
| v. | |
| US BANK, et al., | |
| Defendants. | |

**ORDER**

Presently before the court is defendant Option One's motion to dismiss. (Doc. #29). To date, plaintiff has not filed an opposition.

Plaintiff filed her complaint in this court on April 16, 2009 against defendants US Bank National Association, American's Servicing Company, Option One, Mortgage Electronic Registration Systems, Inc., BNC Mortgage, Inc., Global Equity Lending, First American Title Company of Nevada. (Doc. #1).

Plaintiff's complaint contains the following ten claims for relief against all defendants: 1) violations of Racketeer Influenced and Corrupt Organizations (RICO) Act; 2) violations of the Truth in Lending Act (TILA); 3) violations of the Home Ownership Equity Protection Act (HOEPA); 4) fraud; 5) breach of contract; 6) "violation of civil code;" 7) civil rights violations under 42 U.S.C. §§ 1981 and 1983; 8) wrongful foreclosure; 9) breach of the covenant of good faith and fair dealing; 10) "injunctive relief." (Doc. #1).

Plaintiff's claims stem from the foreclosure of her property located at 10856 Carberry Hill Street, Las Vegas, Nevada 89141. In February 2005, plaintiff executed the notes and corresponding

**James C. Mahan**
**U.S. District Judge**

1  deeds of trust in connection with this property to defendant for $468,300.  Plaintiff ceased making mortgage payments on or about July 2008.  Plaintiff filed suit against above named defendants alleging the defendants failed to provide her with the necessary documents and failed to explain the terms and conditions of the loan.  The relief plaintiff seeks is rescission of the transactions and monetary damages.

Defendant Sand Canyon Corporation, formerly known as Option One, now seeks to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.  (Doc. #29); *See* Fed. R. Civ. P. 12(b)(6).  A complaint that lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory may be dismissed as a matter of law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, failure to file an opposition to a motion to dismiss is not cause for automatic dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995).  Before dismissing the action, the district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, those factors weigh in favor of dismissal.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the lack of prejudice weigh in favor of granting the motion to dismiss.  Additionally, the present motion to dismiss has merit.

The Supreme Court has held that a complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Thus, a plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. As plaintiff failed to plead more than conclusory allegations and her complaint lacked any cognizable legal theories, dismissal is appropriate as explained below.

James C. Mahan
U.S. District Judge

- 2 -

1    Plaintiff's first and fourth claims, RICO and fraud, are dismissed because both claims are
2 based on fraud and plaintiff failed to plead with particularity as required.  Federal Rule of Civil
3 Procedure 9(b), requires a plaintiff "state with particularity the circumstances constituting fraud or
4 mistake."  Here, plaintiff failed to allege the specific conduct, including statements, that constitutes
5 fraud.  Therefore, plaintiffs' RICO and fraud claims are dismissed.

6    Plaintiff's second and third claims under TILA and HOEPA are barred by the one-year statute
7 of limitations period.  *See* 15 U.S.C. § 1640(e); 12 U.S.C. §2614.  Plaintiff's opportunity to bring
8 TILA and HOEPA claims passed in March 2006.  Therefore, plaintiff's second and third claims are
9 dismissed.

10    Plaintiff's fifth claim for breach of contract is dismissed because plaintiff made no specific
11 allegations of particular transactions entered into with defendant Option One or acts or omissions
12 by the defendant.  Without alleging the existence of an agreement with this defendant, plaintiff's
13 claim fails.

14    Plaintiff's sixth claim for "violation of civil code" is dismissed because plaintiff's complaint
15 fails to provide essential information such as which California Civil Code was violated and how it
16 applies to plaintiff's claims.

17    Plaintiff's seventh claim under 42 U.S.C. §§ 1981 and 1983 is dismissed because plaintiff
18 fails to allege that defendant acted under color of law, the existence of a statutory or constitutional
19 right and deprivation of that right.

20    Plaintiff's ninth claim, breach of the covenant of good faith and fair dealing, is dismissed as
21 plaintiff fails to allege the facts necessary to support such a claim.  For a plaintiff to prevail on this
22 claim, she must prove: 1) the plaintiff and defendant were parties to a contract; 2) the defendant
23 owed a duty of good faith and fair dealing to the plaintiff; 3) the defendant breached the duty by
24 performing its contractual obligations in a manner unfaithful to the purpose of the contract; and 4)
25 the plaintiff's justified expectations were therefore denied. *See Perry v. Jordan*, 134 P.3d 698, 702
26 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev.
27 1991).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

Here, plaintiff fails to identify the specific contract to which the covenant applies as the "Note, Mortgage and Deed of Trust" and failed to allege that defendants breached a duty after the contract was formed. Instead, plaintiff cited that defendants breached by failing to or refusing to negotiate in response to a request for mortgage payment assistance. There could not be a breach of the implied covenant based on the facts presented.

Plaintiff's tenth claim, "for injunctive relief," is dismissed because it is not a cause of action but rather an equitable remedy. Plaintiff is not entitled to this remedy because her other claims have failed.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion to dismiss (Doc. #29) be, and the same hereby is, GRANTED. Plaintiff's complaint as to defendant Option One is dismissed without prejudice.

DATED this 1st day of December, 2009.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**